**UNITED STATES of America,**
**Appellee,**

v.

**Joe FARACI, Defendant–Appellant.**

**Docket No. 02–1022.**

United States Court of Appeals,
Second Circuit.

Aug. 1, 2002.

---

Sharon L. McCarthy, U.S. Attorney's Office, Southern District of New York, New York, NY, for Appellee.

Nathan Z. Dershowitz, Dershowitz, Eiger & Adelson, New York, NY, for Appellant.

Present RALPH K. WINTER, FRED I. PARKER and ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said District Court be and it hereby is AFFIRMED.

Defendant-appellant Joe Faraci ("Faraci") appeals from the district court's order entered January 7, 2002, denying Faraci's petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 based on his claim of ineffective assistance of counsel at sentencing.

On October 30, 2000, Faraci pleaded guilty to one count of bribing a United States Department of Agriculture ("USDA")produce inspector in violation of 18 U.S.C. § 201(b)(1)(A). On June 12, 2001, after holding a *Fatico* hearing, the district court sentenced Faraci to fifteen months of imprisonment to be followed by three years of supervised release and imposed a $100.00 special assessment. After holding an evidentiary hearing on October 31, 2001, the district court denied Faraci's § 2255 petition on January 2, 2002.

To prove ineffective assistance of counsel, a defendant must (1) demonstrate that his counsel's performance "fell below an objective standard of reasonableness" in light of "prevailing professional norms," and (2) "affirmatively prove prejudice" by demonstrating that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Strickland v. Washington,* 466 U.S. 668, 687–94, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Strategic actions or omissions by counsel cannot establish ineffective assistance of counsel. *Id.* at 689.

Faraci objects to his sentencing counsel's failure to submit objections to the Presentence Investigation Report ("PSI") before the Probation Office finalized it. Assuming arguendo that sentencing counsel was objectively unreasonable to submit objections in his sentence memorandum filed after the PSI was finalized, Faraci's argument nonetheless fails because he suffered no prejudice. The sentencing court not only considered the written arguments raised by sentencing counsel, it held a hearing to address and carefully consider those objections. There is no reason to believe the district court would have sentenced Faraci differently had the sentence memorandum been submitted earlier.

Faraci also argues that his sentencing counsel was ineffective for stipulating to a loss amount in excess of $20,000.00 and for making allegedly incoherent arguments for downward departures. We disagree. As the district court concluded, sentencing counsel made an objectively reasonable and strategic decision to enter the stipulation as to the loss amount. After reviewing the downward departure arguments made by Faraci's sentencing counsel, both oral and written, we conclude that the downward departure arguments were thorough, objectively reasonable, and coherent.

Faraci has not demonstrated that his sentencing counsel's performance fell below an objective level of reasonableness, and Faraci's contention that he was prejudiced by his counsel's alleged errors is but speculation. Faraci's sentencing counsel was not ineffective.

For the reasons set forth above, the order of the district court is AFFIRMED.